UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CVS Pharmacy, Inc., and CVS Health Corporation, | Case No. 22-mc-0035 (WMW/JFD) |
| Respondents, | **ORDER** |
| v. | |
| Prime Therapeutics LLC, | |
| Movant. | |

Before the Court is Respondents CVS Pharmacy, Inc., and CVS Health Corporation's (collectively, CVS) motion to transfer. (Dkt. 20.) For the reasons addressed below, the Court denies CVS's motion.

BACKGROUND

CVS is a defendant in five cases that have been consolidated for discovery in the United States District Court for the District of Rhode Island. The plaintiffs in those actions are twenty-two Blue Cross and Blue Shield health insurance plans. The plaintiffs' complaints allege that CVS should have submitted the prices available through its membership program as its usual and customary prices.

Movant Prime Therapeutics LLC (Prime) is a pharmacy benefit manager (PBM) that contracts with both health insurance plans and pharmacies. Prime was the PBM for at least twelve plaintiffs during all or part of the relevant period. CVS served Prime with a subpoena containing eighteen document requests on March 1, 2022. Prime moved to quash the subpoena on June 9, 2022, which commenced this miscellaneous action. CVS

opposes Prime's motion to quash and cross-moves to transfer or, in the alternative, compel the production of documents. This Order addresses only CVS's motion to transfer.

## ANALYSIS

"When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The proponent of the transfer bears the burden to establish that exceptional circumstances warrant transfer. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. When determining whether to grant a motion to transfer, a district court's "prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." *Id.* Transfer may be warranted to avoid disrupting the issuing court's management of the underlying litigation but is "appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

Courts have evaluated three factors to determine whether exceptional circumstances warrant transfer:

> (1) whether the underlying litigation will be disrupted if the subpoena dispute is not transferred;
>
> (2) whether the nonparty subpoena recipient will suffer undue burden or cost if the subpoena dispute is transferred; and

> (3) whether, based on various considerations, the issuing court is in the best position to rule on the motion to compel.

*In re Syngenta AG MIR162 Corn Litig. v. Syngenta AG*, No. 20-mc-064 (ECT/ECW), 2020 WL 5988498, at *4 (D. Minn. Oct. 9, 2020) (quoting *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 376 (D.D.C. 2017)); *accord Leon v. N. Nat'l Gas Co.*, No. 21-mc-0042 (WMW/ECW), 2021 WL 4452874, at *4 (D. Minn. Sept. 29, 2021).

CVS argues that the circumstances presented in this action favor transfer. The underlying cases are complex and the issuing judge is more familiar with the litigation, CVS contends. But courts are cautioned not to assume "that the issuing court is in a superior position to resolve subpoena-related motions." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. And the issuing court's familiarity with the underlying litigation is not an "extraordinary circumstance." Indeed, in any action, the issuing court likely is more familiar with the underlying litigation than the enforcing court.

Other courts have found that the issuing court is in a better position to rule on a subpoena-related motion when the underlying litigation was about to settle or when the issuing court had previously ruled on issues presented by the motion. *See Adams v. Target Corp.*, No. 21MC34(DSD/HB), 2021 WL 8202670, at *2 (D. Minn. June 16, 2021); *In re Syngenta*, 2020 WL 5988498, at *4. CVS observes that the judge in the underlying action is about to resolve another subpoena dispute between the plaintiffs and another PBM. But, as Prime observes, CVS does not offer any evidence that the subpoena at issue there is similar to the one presented here or that rulings from different

judges as to the respective subpoenas will lead to inconsistent results. For these reasons, CVS has not established that the issuing court is in the best position to rule on the motion to compel.

CVS also argues that Prime will not suffer an undue burden if the action is transferred because the motion has been briefed and hearings before the issuing court have occurred by Zoom. Prime disagrees. Prime's in-house counsel and retained counsel are based in Minnesota and are not admitted to practice in the District of Rhode Island. If required to litigate the motion to compel in the District of Rhode Island, Prime asserts, it will need to acquire local counsel to ensure compliance with local rules, practices and procedures. And although the issuing court has held its hearings virtually to date, Prime observes, there is no guarantee that hearings will continue to be virtual.

Prime has established that transfer to the District of Rhode Island would be a burden. And CVS has not established that other interests outweigh Prime's interests in litigating the motion to compel in the District of Minnesota. Because CVS has not met its burden to establish that exceptional circumstances warrant transfer of this action to the District of Rhode Island, the Court denies CVS's motion to transfer.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that CVS's motion to transfer this action to the United States District Court for the District of Rhode Island, (Dkt. 20), is **DENIED**.

Dated: September 20, 2022                         s/Wilhelmina M. Wright
                                                  Wilhelmina M. Wright
                                                  United States District Judge